# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD STEARNSMILLER,**

    **Petitioner,**

**vs.**                                                                                                       **Case No. 4:05cv508-WS/WCS**

**WARDEN CARL W. KIRKLAND,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION ON § 2254 PETITION

Petitioner sent a letter which was filed in this 28 U.S.C. § 2254 proceeding. Doc. 4. It was also filed as doc. 24 in Petitioner's 42 U.S.C. § 1983 case, 4:05cv421-MP/AK.

The court addressed the petition in an order of March 15, 2006. Doc. 3. Petitioner was directed Petitioner to file an amended § 2254 petition (along with two copies) using the § 2254 form, and to either pay the $ 5.00 fee or explain under penalty of perjury why he was unable to do so. Doc. 3, pp. 2-4. Alternatively, Petitioner was advised that he could file a notice of voluntary dismissal. *Id.*, p. 4. He was advised that failure to comply with court orders could result in a recommendation of summary dismissal.

In his letter, Petitioner complains that all his property has been confiscated, so he has "nothing to proceed with, or anything to refer back to." Doc. 4, p. 1. He complains that he has been censured from petitioning for redress of grievances since July of 2005, that he has been threatened with hanging, and officers use profane and abusive language against him on a daily basis. *Id.* "Especially, as the court has reviewed in 'scanned documents' (case no 4:05cv-508-WS/WCS, and according to AWP [?] Howard Goodson, per B.D. Cassiday statements, my outgoing mail is opened, read and shredded by Mr. Goodson. I am therefore censured from this Court and the § 1983 action." *Id.*, p. 2.

Petitioner states that all the photocopies he receives from the law library are "4/5 incomplete," and he is not allowed to study the law regarding habeas corpus. He states that he is "wholly censured" and has suffered constitutional injuries in a Southern District of Florida case. *Id.* Petitioner claims that he has been forced to send records to this court and elsewhere for safekeeping. *Id.*, p. 3. He believes that the guards have obtained confidential information "to initiate the ongoing four month daily terroristic threats, gay bashing threats to do bodily harm, coupled with the present ability to carry out those threats and extensive records of abuse of prisoners and civil rights abuses." *Id.* (footnote – explaining that Petitioner is not gay but opposes gay bashing – omitted).

At the outset, the court already advised that these types of claims were not cognizable in habeas corpus. Doc. 3, p. 2. And whether or not Petitioner's access to property or legal materials is limited, he could have complied with the court order by submitting the § 2254 forms sent to him with the last order. He was not required to make legal arguments or cite legal authorities, indeed the court discouraged the filing of

a memorandum of law.  Doc. 3, p. 3 and n. 2.  Petitioner was obviously able to write and mail a letter to the court, despite the fact that the letter makes serious allegations against specific named officers.  Assuming he could not complete or mail the § 2254 forms, he certainly could have written a letter addressing the issue raised by the court; *i.e.*, whether he challenged the fact or duration of his confinement and could proceed in habeas corpus.  *Id.*, pp. 2-3.  Instead, his letter contains claims similar to those raised in the initial petition, claims which are not properly raised by petition for writ of habeas corpus.  *Id.*

Further, the last order noted that Petitioner seemed able to pay the $5.00 filing fee, citing docs. 22 (inmate statement) and 23 (order directing partial fee of $206.78) in the § 1983 case.  Doc. 3, p. 1.  The inmate statement filed as doc. 22 in the other case reflects a beginning balance of $1,602.46 on September 30, 2005, with an ending balance of $0.00 on January 27, 2006.  The statement reflects that withdrawals were made for canteen purchases, copies, postage, a $300.00 payment for customer service to the West company, and several payments to "Sword of the Lord Pub" (presumably Publishing or Publications).

Petitioner now claims that the funds he has "are tithe funds," that he disbursed $100.00 to "Voice of the Martyrs" on March 16, 2006, and has vowed to give 10 % of his funds to that organization.  Doc. 4, p. 2 and attachment (withdrawal notification of the $100.00 paid).  As a result of this, and after paying for stamps and envelopes, Petitioner claims he currently has less than $10.00 in his account.  *Id.*

If Petitioner was recently able to spend over $100.00, he has either received additional funds into his inmate account since January 27, 2006, or he has access to

other funds. Moreover, a donation of $100.00 to a charity or other organization shortly before a court ordered fee was due (as it was in the civil rights case)[1] is highly suspect. If Petitioner believes it is more worthwhile to donate his funds to causes rather than to pursue his federal cases, "he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." Lumbert v. Illinois Dept. of Corrections, 827 F.2d 257, 260 (7th Cir. 1987) (prisoner who spent his funds on peanuts and candy rather than paying a partial civil rights fee of $7.20; "[a] suit not worth $7.20 to an inmate who could pay this fee is unlikely to be worth the time of the courts."). *See also*, Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999) (finding partial fee rationale remains applicable even in cases, such as habeas corpus, where the Prison Litigation Reform Act does not apply). Leave to proceed in forma pauperis will be granted here, however, for purposes of dismissal.

Based on his actions in this case and his civil rights case, it seems unlikely that allowing another opportunity to amend would result in compliance by Petitioner. It is particularly futile in this habeas corpus case, as the allegations in the record pertain only to treatment of Petitioner and his property, and not to the fact or duration of his confinement. If Petitioner wishes to file a § 2254 petition challenging his state court conviction or sentence, he should file a petition in the district of his confinement or conviction following exhaustion of available state court remedies.[2]

---

[1] The court gave Petitioner until March 24, 2006, to pay a partial fee of $ 206.78. Doc. 23 (order docketed February 15, 2006), in that case.

[2] Jurisdiction is appropriate in the district of confinement (currently this district) and the district of conviction. 28 U.S.C. § 2241(d). Challenges to a conviction or sentence are generally transferred to the district of conviction in the court's discretion

For all the foregoing reasons, it is respectfully **RECOMMENDED** that this § 2254 proceeding be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 14, 2006.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

and in furtherance of justice pursuant to § 2241(d).  *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d)) (citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting the practice of district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).  According to the web site of the Florida Department of Corrections, Petitioner was convicted in Lake County, which is in the Middle District.

Case No. 4:05cv508-WS/WCS